IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**REGINA D. TASSEN,**

    **Plaintiff,**

v.                                        Case No.: 3:17-cv-02773

**NANCY A. BERRYHILL,**
**Acting Commissioner of the**
**Social Security Administration,**

    **Defendant.**

## MEMORANDUM OPINION

This is an action seeking review of the decision of the Commissioner of the Social Security Administration (hereinafter the "Commissioner") denying Plaintiff's applications for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f. The case is presently before the court on the plaintiff's motion for judgment on the pleadings, seeking reversal and remand of the Commissioner's decision, and the defendant's motion to remand. (ECF Nos. 11, 12). Both parties have consented in writing to a decision by the United States Magistrate Judge. (ECF Nos. 13). The court has fully considered the representations and arguments of counsel and **GRANTS** both motions. Accordingly, the court **FINDS** that the decision of the Commissioner should be **REVERSED** and **REMANDED**, pursuant to sentence four of 42 U.S.C. § 405(g), for further evaluation of Plaintiff's application as stated herein.

1

Plaintiff, Regina D. Tassen ("Claimant"), completed applications for DIB and SSI in February 2014, alleging a disability onset date of June 1, 2013, (Tr. at 18), due to chronic obstructive pulmonary disease, diabetes, glaucoma, depression, and high blood pressure. (Tr. at 111). The Social Security Administration ("SSA") denied the application initially and upon reconsideration. (Tr. at 18). Claimant filed a request for a hearing, which was held on October 18, 2016 before the Honorable Robert B. Bowling, Administrative Law Judge ("ALJ"). (*Id.*). By written decision dated November 15, 2016, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 18-28). The ALJ's decision became the final decision of the Commissioner on March 31, 2017, when the Appeals Council denied Claimant's request for review. (Tr. at 7-10).

On May 5, 2017, Claimant filed the present civil action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g). (ECF No. 2). The Commissioner filed an Answer and a Transcript of the Proceedings on August 18, 2017. (ECF Nos. 9, 10). Thereafter, Claimant filed a brief in support of her request for a reversal and remand of the Commissioner's decision. (ECF No. 11). Claimant asserted that reversal and remand were appropriate, because the ALJ had committed three errors, which prevented the Commissioner's final decision from being supported by substantial evidence. In particular, Claimant contended that (1) the ALJ improperly rejected the opinion of a consulting psychologist; (2) the ALJ erred by disregarding a vocational expert's testimony regarding Claimant's inability to work; and (3) the ALJ's RFC finding was incorrect, which resulted in Claimant being denied benefits that should have been awarded to her under the Medical Vocational Guidelines. (*Id.*). In addition, Claimant argued that a subsequent award of benefits constituted new and material evidence that justified reversal and remand. (*Id.*). On October 16, 2017, the Commissioner filed a

2

motion for remand, acknowledging that the ALJ's decision denying benefits merited further consideration. (ECF No. 13).

Title 42 U.S.C. § 405(g) authorizes the district court to remand the decision of the Commissioner of Social Security for further consideration at different stages of the judicial proceedings. When the Commissioner requests remand prior to filing an answer to the plaintiff's complaint, the presiding court may grant the request under sentence six of § 405(g), upon a showing of good cause. In addition, a court may remand the matter "at any time" under sentence six to allow "additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). When a court remands the Commissioner's decision under sentence six, the court retains jurisdiction over the matter, but "closes it and regards it as inactive" until additional or modified findings are supplied to the court. *See McPeak v. Barnhart,* 388 F.Supp.2d 742, 745 n.2. (S.D.W. Va. 2005).

In contrast, under sentence four of 42 U.S.C. § 405(g), "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Because a sentence four remand essentially "terminates the litigation with victory for the plaintiff," the court enters a final judgment dismissing the case and removing it from the court's docket. *Shalala v. Schaefer*, 509 U.S. 292, 299 (1993) ("Under § 405(g), 'each final decision of the Secretary [is] reviewable by a *separate* piece of litigation,' and a sentence-four remand order '*terminate[s]* the civil action' seeking judicial review of the Secretary's final decision.") (quoting in *Sullivan v.*

3

*Hudson,* 490 U.S. 877, 892 (1989)).

Given that Claimant moved this court to reverse and remand the decision of the Commissioner, then filed a brief in support of that position, and the Commissioner ultimately agreed to a remand without contesting any of the arguments raised by Claimant, the court concludes that Claimant is entitled to reversal and remand of the Commissioner's decision on the grounds asserted in her brief. Moreover, the court notes that in her motion to remand, the Commissioner asks for a sentence four remand; thereby, implicitly conceding termination of the judicial proceeding in Claimant's favor.

Accordingly, the court hereby **GRANTS** Plaintiff's motion for judgment on the pleadings, to the extent that it requests reversal and remand, (ECF No. 11); **GRANTS** Defendant's motion to remand, (ECF No. 12); **REVERSES** the final decision of the Commissioner; **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this opinion; and **DISMISSES** this action from the docket of the Court. A Judgment Order will be entered accordingly.

The Clerk of Court is directed to transmit copies of this Memorandum Opinion to counsel of record.

**ENTERED:** October 17, 2017

Cheryl A. Eifert
United States Magistrate Judge